JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

20 CV 368

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Simonia Carter

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kalikhman & Rayz, LLC
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006   Phone: (215) 364-5030

## DEFENDANTS
National Credit Audit Corporation, et al.

County of Residence of First Listed Defendant: **Dallas, TX**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**15 U.S.C. § 1692**
Brief description of cause:
Violation of 15 U.S.C. § 1692

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/20/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

JAN 22 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**20 368**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite A Huntingdon Valley, PA 19006

Address of Defendant: P.O. Box 515489 Dallas, TX 75251-5489

Place of Accident, Incident or Transaction: Philadelphia County

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/20/2020    _____signature_____    87976
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    *(Please specify):* 15 U.S.C. § 1692

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Arkady "Eric" Rayz, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 01/20/2020    _____signature_____    87976
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JAN 22 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Carter | : | CIVIL ACTION |
| v. | : | |
| National Credit Audit Corporation | : | NO. 20  3681 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 01/20/2020 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 22 2020

$460

JCJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONIA CARTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>NATIONAL CREDIT AUDIT CORPORATION and DOES 1 through 10, inclusive,<br><br>Defendant(s). | CLASS ACTION COMPLAINT<br><br>Civil Action No.: 20  3687<br><br>Jury Trial Demanded |

Simonia Carter ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## I.  INTRODUCTION

1.  This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2.  In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use. Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3.  Upon information and belief, Defendant used these very same tactics across the Commonwealth of Pennsylvania against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4.  Absent this action, Defendant's inappropriate tactics would continue unabated.

## II.  THE PARTIES

5.  Plaintiff is an adult individual, who is currently a resident of the Commonwealth of Pennsylvania.

JAN 22 2020

1

6. Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

7. National Credit Audit Corporation ("Defendant") is a collection agency engaged in the business of debt collection within the Commonwealth of Pennsylvania, with its principal office located at P.O. Box 515489 Dallas, TX 75251-5489, where it may be served.

8. Defendant is engaged in the business of being a collection agency, using the mails and telephone to collect consumer debts originally owed to others; specifically, those related to alleged unpaid amounts by tenants of residential properties.

9. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

10. Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

11. Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

12. Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

13. At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III. JURISDICTION AND VENUE

14. This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

15. The Eastern District of Pennsylvania is the proper venue for this litigation, because:

   a. Plaintiff resides in Philadelphia County, which is in the territory of the Eastern District of Pennsylvania;

   b. Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

   c. Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

### IV. STATEMENT OF CLAIMS

#### BACKGROUND

16. On January 24, 2019, Defendant mailed a debt collection letter to Plaintiff regarding an alleged consumer debt owed to "Sherwood Crossing" apartment complex in the City of Philadelphia, where Plaintiff resided. A true and correct copy of this document (redacted for purposes of privacy) is marked and attached hereto as Exhibit "A."

17. The alleged debt referenced in the letter at issue – a purported "Amount Due" of $1,195.15 – was an obligation that arose out of a transaction that concerned personal, family or household purposes.

18. Upon information and belief, the letter at issue is a form letter, generated by a computer, with the information specific to Plaintiff inserted by a computer.

19. The letter at issue was the first letter Defendant sent to Plaintiff regarding this alleged debt.

20. Plaintiff read the letter and knew that the amount alleged was accurate.

3

21. Indeed, the "Amount Due" included a charge of $741.00 for so-called "Maintenance Charge-Trash out" allegedly incurred when Plaintiff relocated to another apartment in the same apartment complex (in late 2018).

22. But, Plaintiff did not owe this charge.

23. In fact, despite Plaintiff's requests to enter her former premises to retrieve her personal belongings, Plaintiff was locked out of her former apartment by the apartment management company, whose personnel then proceeded to remove, trash and/or otherwise destroy Plaintiff's personal belongings, including books and brand-new electronic tablets.

24. At that time, the landlord and its management company were fully aware of Plaintiff's new residential address and that Plaintiff did not intend to abandon her property.

25. Yet, the landlord failed to give written notice prior to disposal or removal of Plaintiff's property, as required by the Disposition of Abandoned Personal Property Act, 68 P.S. § 250.505a.

26. Accordingly, Plaintiff did not owe any charges for disposition of her property and attempts to collect them violated explicit provisions of Pennsylvania law.

27. Therefore, Plaintiff wanted to dispute the debt, but was unsure as to how to proceed.

28. Section 1692f(1) of the FDCPA specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

29. Section 1692e(2)(A) of the FDCPA specifically prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt. . ." 15 U.S.C. § 1692e(2)(A).

30. Section 1692e(10) of the FDCPA specifically prohibits "[t]he use of any false

4

representation or deceptive means to collect or attempt to collect any debt. . ." 15 U.S.C. § 1692e(10).

31. Sections 1692f(1), 1692e(2)(A), and 1692e(10) "impose[] strict liability on debt collectors." Kaymark v. Bank of America, N.A., 783 F.3d 168, 174 (3rd Cir. 2015).

32. As described herein, Defendant's actions violated the applicable provisions of the FDCPA, in that: (a) Defendant explicitly claimed that Plaintiff owed an amount that was in excess of what its client was permitted by law to collect (or even ask for); and/or (b) Defendant attempted to collect an amount that was in excess of what its client was permitted by law to collect (or even ask for).

33. It is believed and, therefore, averred that Defendant has no procedures to avoid collecting more than what is permitted under 68 P.S. § 250.505a.

34. Further, upon information and belief, Defendant did nothing to investigate the entities or persons that hired, retained, or engaged Defendant to collect the alleged debt at issue in Plaintiff's Complaint, before first contacting Plaintiff.

35. Additionally, upon information and belief, Defendant has never made any inquiry or otherwise investigate the legitimacy or accuracy of Plaintiff's alleged debt, before first contacting Plaintiff.

36. Defendant, therefore, could not have reasonably relied upon the information provided to Defendant about the alleged debt at issue in Plaintiff's Complaint.

37. Upon information and belief, Defendant has deliberately ignored and/or willfully avoided any investigation or inquiry of the underlying debt, as well as the entities or persons that hired, retained, or engaged Defendant to collect it.

38. In addition, the FDCPA requires a mandatory initial notice to the consumer to serve as an informal dispute mechanism. See 15 U.S.C. § 1692g.

39. Therefore, Defendant was required to include in the letter at issue a notice, which states, *inter alia,* that if Plaintiff disputes the debt or any part thereof, he must notify Defendant of this dispute in writing.

40. This is significant, because only a written dispute triggers Defendant's obligation to provide Plaintiff verification of the debt. See Graziano v. Harrison, 950 F.2d 107, 112 (3rd Cir. 1991)(explaining that, for purposes of Section 1692g, "any dispute, to be effective, **must be** in writing. . . .")(emphasis supplied).

41. Thus, in the Third Circuit, a debt collector's written disclosure must convey the requirement that a consumer must dispute a debt **in writing** under 15 U.S.C. § 1692g.

42. Further, as held by the Third Circuit, "in order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter – the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3rd Cir. 2000).

43. A debt collector, therefore, violates the FDCPA when the requisite notice is "overshadowed" or "contradicted by other portions of the communication." Graziano, 950 F.2d at 111; Wilson, 225 F.3d at 354.

44. In relevant part, Defendant's letter offered Plaintiff several options to make payment of the debt. See Exhibit "A."

45. The practical effect of these requests was to discourage consumers from disputing the debts in writing.

46. In a purported effort to comply with Section 1692g, Defendant's letter also stated the following:

6

> Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by NCAC. If you notify NCAC in writing within the 30-day period that the debt, or any portion thereof, is disputed, NCAC will obtain verification of the debt and have such verification mailed to you. Upon written request within the 30-day period, NCAC will provide you with the name and address of the original creditor, if different from the current creditor. Requests should be mailed to NCAC, PO Box 515489, Dallas TX 75251-5489.

47. The above statement does not specify that the dispute must be in writing.

48. Moreover, this statement creates a "reasonable probability that the least sophisticated debtor . . . would be induced to overlook his statutory right to dispute the debt." Graziano, 950 F.2d at 111.

49. A consumer reading this language could reasonably believe that a phone call would be sufficient to preclude Defendant from assuming the debt to be valid.

50. As described herein, Defendant's actions violated the applicable provisions of the FDCPA, in that, Defendant's letter fails to effectively provide Plaintiff with the statutory notice, required by Section 1692g by "overshadowing" the required notice.

51. Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

52. Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

53. Plaintiff has been (and will continue to be) financially damaged due to Defendant's conduct, as set forth herein.

54. Plaintiff has suffered and will continue to suffer actual damages due to Defendant's conduct, as set forth herein.

55. As such, Plaintiff avers that Defendant's conduct, as described herein, was not limited to the circumstances described herein, but was, and is, habitual, systematic, ongoing, and unrelenting in Defendant's business model and practice.

7

56. Plaintiff avers that the purpose of Defendant's behavior described herein (as well as its day-to-day business operation), is to deceive unsuspecting consumers, wherever and whenever possible, to achieve, *inter alia*, the objectives of obtaining additional revenue and profit for Defendant's business enterprise.

57. Plaintiff avers that Defendant has utilized various methods calculated to confuse, mislead, distract, coerce, and convert consumers' funds for Defendant's benefit, by employing unethical business practices to secure pure financial gain and unjust financial enrichment.

58. Plaintiff further states that Defendant's practices continue unabated, and will continue well beyond the end of this case, for which Defendants have and/or will reap hundreds of thousands of dollars in unearned ill-gotten gains from unsuspecting consumers.

59. Irrespective of Plaintiff's actions, the aforementioned correspondence sent by Defendant to Plaintiff was false, misleading, and, at a minimum, in violation of the FDCPA.

## V.   CLASS ACTION ALLEGATIONS

60. Plaintiff brings this action on behalf of herself and a class of similarly-situated individuals pursuant to Fed. R. Civ. P. 23.

61. Plaintiff brings this action as a class action for Defendant's violations of the FDCPA on behalf of the following class of individuals: All natural persons, who were sent a letter, substantially in the form represented by Exhibit "A" (the "Class"), during the statutory period covered by this Complaint.

62. The number of individuals in the Class is so numerous that joinder of all members is impracticable. The exact number of members of the Class can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

63. Plaintiff will fairly and adequately protect the interests of the Class and have

retained counsel that is experienced and competent in class action and FDCPA litigation. See, e.g., Magness v. Bank of America, N.A., et al., Docket No. 12-cv-6586 (Davis, J.); Volyansky v. Hayt, Hayt & Landau, LLC, Docket No. 2:13-cv-03360 (McHugh, J.); Ebner v. United Recovery Systems, LP, et al., Docket No. 14-cv-06881 (Beetlestone, J.).

64. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

65. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

66. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violations of the FDCPA.

67. Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

68. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Defendant is a "debt collector," as that term is defined under the

FDCPA;

b. Whether Defendant's correspondence is a "communication" as that term is defined under the FDCPA;

c. Whether Defendant's correspondence is an attempt to collect a debt;

d. Whether Defendant's correspondence violated the FDCPA; and

e. Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

69. Plaintiff's claims are typical of the claims of members of the Class.

70. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

71. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### COUNT I
### FDCPA
### (On Behalf of the Class)

72. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

73. As described herein, Defendant's failure to provide a timely and proper statutory notice of the initial communication is a *per se* violation of the FDCPA. See Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 324 (7th Cir. 2016)(explaining that the courts "have not extended the implicit materiality requirements of §1692e to reach claims under §1692g(a). . . .").

74. As described herein, Defendant's letter does not comply with the FDCPA, because it creates the false impression that an oral dispute of the debt under Section 1692g is just as effective as the one made "in writing."

75. Defendant's letter, therefore, is misleading, because it implies that the writing

10

requirement for an effective dispute under Section 1692g is voluntary or optional. See Desantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2nd Cir. 2001)(explaining that a "debt collector violates the [FDCPA] if it fails to convey the information required by the [FDCPA]....").

76. Defendant's letter is also misleading, because it fails to advise a consumer of the proper method for exercising his or her rights to dispute the debt and seek its validation.

77. Defendant's actions with respect to its collection efforts violated, *inter alia*, 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. See Guzman v. HOVG, LLC, et al., 340 F.Supp.3d 526 (E.D.Pa. 2018); see also Henry v. Radius Global Solutions, LLC, et al., 2019 WL 266316 (E.D.Pa. 2019); Durnell v. Stoneleigh Recovery Associates, LLC, 2019 WL121197 (E.D.Pa. 2019).

78. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT II
## Violation of Section 1692f of the FDCPA
## (On Behalf of Plaintiff)

79. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

80. Defendant is a "debt collector" as that term is defined under the FDCPA.

81. An attempt to collect upon a debt incurred during the course of a residential lease falls within the scope of the FDCPA. See, e.g., Romea v. Heiberger & Associates, 163 F.3d 111 (2nd Cir. 1998).

82. As described herein, Defendant's actions violate the applicable provisions of the FDCPA. See, e.g., Hylton v. AmeriFinancial Solutions, LLC, 2018 WL 6044734 (E.D.Pa. 2018); Jarzyna v. Home Properties, LP, 114 F.Supp. 243 (E.D.Pa. 2015)(finding that a letter to a tenant that sought payment of an improperly-assessed fee violated Sections 1692f(1), 1692e(2), and 1692e(10)).

83. Defendant's violations with respect to its collection efforts, include (but are not limited to) seeking payment of an amount in excess of what Defendant was allowed to collect, in violation of 15 U.S.C. § 1692f(1).

84. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

### COUNT III
### Violation of Section 1692e of the FDCPA
### (On Behalf of Plaintiff)

85. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

86. As described herein, Defendant's actions violate the applicable provisions of the FDCPA. See Hylton, supra; Jarzyna, supra; see also Guevara v. Constar Financial Services, LLC, 2018 WL 2981274 (M.D.Pa. 2018)(finding that a debt collector violated Sections 1692e(2) and 1692e(10), where its correspondence to a consumer stated an incorrect amount due).

87. Defendant's violations with respect to its collection efforts, include (but are not limited to) making false, misleading, and/or deceptive statements concerning consumer's legal obligations, in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(10).

88. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

### VI. CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

A. Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

B. Designation of Plaintiff as representative of the Class;

C. Designation of Plaintiff's counsel as class counsel for the Class;

D. A Declaration that Defendant has violated the applicable provisions of the FDCPA;

E. An Order enjoining Defendant from any further violations of the FDCPA;

F. Actual damages;

G. Statutory damages;

H. Attorneys' fees and costs; and

I. Such other relief as the Honorable Court shall deem just and appropriate.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: January 20, 2020

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
2200 Renaissance Boulevard, Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
E-mail: gwells@cwglaw.com

Counsel for Plaintiff and the Class

# EXHIBIT "A"


## National Credit Audit Corporation

PO Box 515489
Dallas TX 75251-5489

*Phone: (800) 779-4894*
*Fax: (727) 214-0517*

Creditor:    Sherwood Crossing
File #:      ▓▓▓▓▓▓
Amount Due:  $1195.15

### NOTICE OF PLACEMENT

Dear Simonia Carter,

The above referenced account has been placed with this firm for collection.

National Credit Audit Corporation (NCAC) is a collection agency attempting to collect a debt and any information obtained will be used for that purpose. We realize the amount due could be an oversight on your part and not a willful disregard of an apparent obligation.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by NCAC. If you notify NCAC in writing within the 30-day period that the debt, or any portion thereof, is disputed, NCAC will obtain verification of the debt and have such verification mailed to you. Upon written request within the 30-day period, NCAC will provide you with the name and address of the original creditor, if different from the current creditor. Requests should be mailed to NCAC, PO Box 515489, Dallas TX 75251-5489.

NCAC can accept payment by personal check or money order made payable to National Credit Audit Corporation (NCAC), check-by-phone, credit and debit cards. Please use the payment coupon below to insure proper payment application.

NCAC office hours are 8AM to 5PM CST Monday through Friday.

CCTREDA011_180167532

\* \* \* Make Your Check Payable to NCAC and Mail to the Address Listed –
To Pay By Credit Card, Fill In The Information Below And Return in the Enclosed Envelope \* \* \*

| Account Number | Exp Date |
|---|---|
| Card Holder Name | Pmt Amt |
| Signature of Card Holder | Date |

CTREDA01
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

Send All Payments To:

**National Credit Audit Corporation**
PO Box 742593
Atlanta GA 30374-2593

January 24, 2019

Simonia Carter
▓▓▓▓▓▓▓▓▓▓▓▓
Philadelphia PA 19114-1405

Creditor:    Sherwood Crossing
Case #:      ▓▓▓▓▓▓
Amount Due: $1195.15

Please do not pursue this claim I am enclosing $ _____